UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| BRUCE A. WOLFFING and MARY R. WOLFFING, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> HOUSEHOLD FINANCE CORPORATION II, : <br> HOUSEHOLD BANK F.S.B., HSBC MORTGAGE : <br> SERVICES, and MORTGAGE ELECTRONIC : <br> SYSTEMS INC. : <br> : <br> Defendants. : <br> _____ : | Docket No. 1:12-cv-00280 (jgm) |

## MEMORANDUM AND ORDER
(Docs. 1, 6)

This action arises from state court foreclosure proceedings against the Plaintiffs' property in Hinesburg, Vermont. (Doc. 1 at 7.) The Plaintiffs proceed pro se and have paid the filing fee. (Docs. 1-2, 2, 3.) The Plaintiffs have filed an "Affidavit in Support of Default," which seeks an order "prohibit[ing] the sale of the property . . . and return[ing] the property to the Plaintiffs as requested in the Civil Complaint." (Doc. 6 at 2.) The Court has construed this affidavit as a request for a default judgment. Prior to making such a request, a plaintiff should first obtain an entry of default from the clerk under Federal Rule of Civil Procedure 55(a). See D. Vt. L.R. 55(a). Although the Plaintiffs have not followed this procedure, the Court has nevertheless reviewed the Complaint. The Court has determined that it lacks subject matter jurisdiction over some of the Plaintiffs' claims and that issue preclusion bars the remaining claims. Accordingly, instead of entering a default

judgment,[1] the Court is prepared to dismiss this action sua sponte. Before this dismissal becomes effective, however, the Court grants the Plaintiffs fourteen days to file an opposition.

The Plaintiffs seek damages from several banks and mortgage servicing companies under various state and federal statutes, as well as damages for breach of contract, intentional infliction of emotional distress, and common law fraud. (Doc. 1 at 1-4, 28.) They also appear to request an injunction on the sale of the Hinesburg property and declaratory relief establishing their ownership of it. See id. at 1, 28-31. The Plaintiffs challenge the Defendants' interest in a mortgage note, purportedly secured by the property, through factual allegations and legal argument. E.g., id. at 4-5. They contend the note was materially altered, thereby rendering unlawful the Defendants' efforts to collect on the note and foreclose on the property. Id. at 5-7, 11-12. The Plaintiffs specifically allege the Defendants have failed to produce the actual "original signed wet ink documents," despite repeated requests for them to do so. Id. at 7. The entire Complaint challenges the validity of the Defendants' interests in the mortgage note. Id. at 1-31. The Court is unable to discern an alternative factual basis for recovery. See id.

The Court recently dismissed a separate lawsuit, Wolffing v. McLaughlin, No. 1:12-cv-000189, 2013 WL 1702638 (D. Vt. April 19, 2013), which the Plaintiffs filed against a sheriff, his department, and several unnamed debt collectors. Id. at *1. That action arose from the same foreclosure proceedings. The sheriff and his department moved to dismiss for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Id. at *1. Relying on court orders from the

---

[1] None of the Defendants have responded to the Plaintiffs' Complaint within the twenty-one days provided in Federal Rule of Civil Procedure 12(a). Having reviewed the proofs of service in this action, however, the Court questions whether the Plaintiffs properly served the Defendants. These proofs only specify the address to which the Defendants mailed the summons. (Doc. 4 at 2; Doc. 5 at 1-2.) There is no indication the Plaintiffs delivered them to a registered agent of each corporate defendant. See Fed. R. Civ. P. 4(h). Nor do the Plaintiffs appear to have effected substituted service on the secretary of state of Vermont. See 12 V.S.A. § 855.

2

underlying state court foreclosure proceeding, the Court granted their motion. Id. at *4. The Court also dismissed the claims against the remaining debt collector defendants sua sponte on issue preclusion grounds. Id. at *6.

The complaint in McLaughlin principally alleged that the mortgagee in the state court foreclosure proceeding, Household Finance Corporation II ("Household Bank"), lacked a legal interest in the mortgage note. Id. at *1. Relying on a summary judgment decision from the state court foreclosure proceedings, this Court determined that a state court judge had already rejected a similar challenge to Household Bank's capacity to foreclose. Id. The judge had instead ruled that Household Bank could enforce the mortgage, as it had established it held a properly endorsed note. Id. The foreclosure proceedings culminated in the issuance of a writ of possession in August 2012. Id. at *2. The Court takes judicial notice of the state court orders in the record in McLaughlin. See Kramer v. Timer Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991). Household Bank is a defendant in this action. (Doc. 1 at 1.)

McLaughlin outlines the Rooker-Feldman doctrine in detail. McLaughlin, 2013 WL at *3-4. A federal court has an obligation to raise Rooker-Feldman and other subject matter jurisdiction questions sua sponte. See W. Sur. Co. v. Leo Constr., LLC, No. 3:12-cv-1190, 2012 WL 3775882, at *1 (D. Conn. Aug. 29, 2012) (citing cases). The doctrine requires a federal court to refrain from exercising jurisdiction where: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." McLaughlin, 2013 WL at *3 (quoting McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010)). Many of the claims in McLaughlin fell within this doctrine. To the extent the Plaintiffs

3

sought redress for injuries produced by the state court foreclosure proceedings, the Court ruled Rooker-Feldman applied. Id. at *4.

McLaughlin dismissed the remaining claims on issue preclusion grounds. Id. at *6. These claims alleged several debt collectors misrepresented Household Bank's interest in the mortgage note while attempting to collect on it. Id. at *5. To prevail in McLaughlin, the Plaintiffs had to prove Household Bank lacked an interest in the note. Id. Because the state court had ruled Household Bank held an enforceable interest, the Court determined issue preclusion barred these claims. Id. An issue is precluded under Vermont law where: "(1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair." Id. (quoting Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990)).

Based on its review of the Complaint, the Court has concluded the Rooker-Feldman doctrine and issue preclusion bar the Plaintiffs' claims here. The claims cannot succeed unless this Court reverses the state court's ruling that Household Bank held an interest in the mortgage note. The Plaintiffs lost in state court in August 2012 before commencing this action in December 2012. Compare id. at *2 with Doc. 1. To the extent the claims seek redress for injuries produced by the state court proceedings, including the foreclosure sale of the property, Rooker-Feldman bars this Court from asserting jurisdiction. Yet the Plaintiffs also complain of some injuries that predate the state court proceedings. These injuries stem from misrepresentations made about Household Bank's interest in the mortgage note as the Defendants attempted to collect on it. The state court proceedings did not produce these collection attempts, rendering Rooker-Feldman

4

inapplicable.  See McLaughlin, 2013 WL at *5 (explaining that Rooker-Feldman requires a "causal relationship" between the complained of injuries and the state court judgment).

As in McLaughlin, however, issue preclusion nevertheless bars these remaining claims.  The state court resolved the underlying issue against the Plaintiffs -- whether Household Bank held an enforceable interest in the mortgage note.  The Plaintiffs have raised that same issue again here.  In applying issue preclusion in McLaughlin, this Court ruled the Plaintiffs had a full and fair opportunity to litigate Household Bank's interest in state court.  Id. at *6.  The Court is unable to discern any unfairness in applying issue preclusion in this action.  The Plaintiffs have had their day in court.  Id.  Applying preclusion would prevent "repetitious litigation of what is essentially the same dispute."  Id. (quoting Berlin Convalescence Ctr., Inc. v. Stoneman, 159 Vt. 53, 60 (1992)).

The Court is prepared to dismiss this action in its entirety.  Before doing so, however, the Court grants the Plaintiffs an opportunity to oppose dismissal.  See Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007) (cautioning against sua sponte dismissals without first providing notice and an opportunity to be heard).  The Plaintiffs may submit a pleading within fourteen days of this order establishing that: (1) the Rooker-Feldman doctrine does not bar this Court from exercising jurisdiction over their claims; and (2) the state court foreclosure proceedings do not bar litigation of their claims on issue preclusion grounds.  If the Plaintiffs fail to raise meritorious arguments in opposition, the Court shall dismiss this action with prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 6th day of May, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge