UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| BRUCE A. WOLFFING and MARY R. WOLFFING, : : Plaintiffs, : : v. : Docket No. 1:12-cv-00280 (jgm) : HOUSEHOLD FINANCE CORPORATION II, : HOUSEHOLD BANK F.S.B., HSBC MORTGAGE : SERVICES, and MORTGAGE ELECTRONIC : SYSTEMS INC. : : Defendants. : : | |

**MEMORANDUM AND ORDER**
(Docs. 7, 9)

The Plaintiffs, Bruce A. Wolffing and Mary R. Wolffing, filed an Affidavit in Support of Default on February 1, 2013. (Doc. 6.) None of the Defendants filed a response in opposition. (Doc. 7 at 1.) Nor did they answer the Plaintiffs' Complaint. Id. at 2 n.2. The Court nevertheless reviewed the Complaint and determined that, together, the Rooker-Feldman doctrine and issue preclusion barred all of the Plaintiffs' claims. Id. at 4. In a May 2013 order, the Court provided the Plaintiffs with fourteen days to oppose dismissal on these grounds. Id. Although over three months have passed since that order, the Plaintiffs have yet to file an opposition. The Plaintiffs' Complaint is therefore DISMISSED WITH PREJUDICE.

Approximately a month after the May 2013 order, the Defendants Household Finance Corporation II, Household Bank, FSB, HSBC Mortgage Services, and Mortgage Electronic Systems, Inc. (collectively, the HSBC Defendants) moved this Court to enjoin the Plaintiffs from pursuing future litigation against them without prior leave of the court. (Doc. 9 at 1.) The HSBC Defendants

contend the Plaintiffs' history of repetitive and vexatious litigation warrants a filing injunction. Id. at 4.

As the HSBC Defendants point out, the Plaintiffs have engaged in significant litigation in response to foreclosure proceedings against property they previously owned in Hinesburg, Vermont. The Plaintiffs first litigated the foreclosure extensively in state court and then sought relief in bankruptcy court. In re Wolffing, No. 1:12-cv-10168 (Bankr. Vt. April 3, 2012 ); Household Finance Corp. v. Wolffing, No. S1324-05 (Vt. Super. Mar. 19, 2008). The Plaintiffs next filed three actions in this Court, including this action, as well as a bankruptcy appeal. Wolffing v. Household Bank F.S.B., No 1:12-cv-00266 (D. Vt. Nov. 27, 2012); In re Wolffing, No. 1:12-cv-00209 (D. Vt. Sept. 13, 2012); Wolffing v. McLaughlin, No. 1:12-cv-00189 (D. Vt. Aug. 20, 2012). The Plaintiffs paid filing fees for each federal matter. With the entry of this order, the Court will have dismissed all of them. The Plaintiffs last filed a pleading in one of these matters on February 1, 2013–the affidavit discussed above. (Doc. 6.) Since then, before sua sponte dismissing this and another action, the Court provided the Plaintiffs with an opportunity to submit additional pleadings. The Plaintiffs have not done so. The Court dismissed the Plaintiffs bankruptcy appeal in February 2013 for lack of prosecution.

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." Shafi v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996). The imposition of a filing injunction ultimately depends on "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). In answering that question, a court should consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's

>motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Id.

A filing injunction is not warranted yet.  At three federal lawsuits, a bankruptcy proceeding, and a bankruptcy appeal, the litigation arising from the state foreclosure proceedings–while significant and duplicative–falls at the lower end of vexatiousness.  Compare Levine v. Landy, 860 F. Supp. 2d 184, 194 (N.D.N.Y. 2012) (five lawsuits against same defendants did not justify filing injunction) with Austin v. Downs, Rachlin & Martin, No. 1:06-cv-00038, 2006 WL 2585102, at *3 (D. Vt. Aug. 24, 2006) (Murtha, J. ) (filing injunction justified in part by filing of four lawsuits on similar grounds).  The second factor–the Plaintiffs' motive–favors a filing injunction.  The Plaintiffs appear to have pursued this litigation in an effort to delay the sale of the Hinesburg property.  Both this Court and the bankruptcy court dismissed the Plaintiffs' claims as barred by the Rooker-Feldman doctrine and res judicata.[1]  In light of the clear applicability of these doctrines to the Plaintiffs' claims, the Court is unable to discern an objective basis for asserting them.  Cf. Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 175 (E.D.N.Y. 2010) (giving pro-se plaintiff benefit of the doubt that bankruptcy filing may have rendered these doctrines inapplicable).  As the Plaintiffs proceed pro-se, the third factor weighs against a filing injunction.  Id.  The Court is also mindful that the Plaintiffs have imposed unnecessary expenses on both the courts and the Defendants by filing duplicative lawsuits.

---

[1] To be clear, the Court dismissed the unintelligible complaint filed in Wolffing v. Household Bank F.S.B. for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements.  The complaints in this action and Wolffing v. McLaughlin were dismissed on Rooker-Feldman and res judicata grounds.

Lastly, the availability of alternative sanctions weighs against a filing injunction. A warning would adequately protect both the courts and the Defendants from further abuses. The Court is not convinced the Plaintiffs' frivolous litigation is likely to continue. See Safir, 792 F.2d at 24. Notwithstanding orders directing them to submit additional pleadings, the Plaintiffs have not filed a single pleading in this Court in over five months. Similarly, the Plaintiffs failed to prosecute their bankruptcy appeal, leading to its dismissal in February 2013. The Court believes the Plaintiffs have abandoned their efforts to reverse the state foreclosure proceedings.

Having weighed all of the filing injunction factors, the Court declines to issue an injunction at this time. The Court instead warns the Plaintiffs that frivolous litigation is impermissible and may result in an injunction barring them from pursuing future litigation without prior leave of the court. Swiatkowski, 745 F. Supp. 2d at 176. The HSBC Defendants' motion to enjoin the Plaintiffs from pursuing future litigation is DENIED. The Court grants the HSBC Defendants leave to renew their motion should the Plaintiffs attempt to file additional frivolous pleadings.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day day of August, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge